No. 74.—JAMES C. NEVES and WILLIAM NEVES, plaintiffs in error, *vs.* WILLIAM H. SCOTT and others, defendants in error.

[1.] When the record shows, that the persons appearing as plaintiffs in error, were dead at the time of the suing out and filing of the writ of error, and that their legal representatives are not parties thereto, that writ will be dismissed. ·

Motion to dismiss the writ of error.

The ground stated in this motion was, that it appeared from the record, that both the plaintiffs in error, James C. Neves and William Neves, were dead, at the time of the filing and suing out of the writ of error, and that their legal representatives have never been made parties, in the Court below.

The record showed, that the proceeding in the Court below, was a motion made by S. Jones and S. T. Bailey, to set aside a decree on demurrer, to a bill filed by them, as solicitors for the complainants, on the ground that James C. Neves, one of the complainants, was dead when the bill was filed, which fact was unknown to them. Before the motion was heard, but after the judgment on the demurrer, William Neves also died, and on suggestion of his death, they moved to continue their former motion, until his representatives were made parties. The Court below refused the motion, and discharged the first rule. To this decision, the writ of error was sued out in the names of James C. Neves and William Neves.

Judge BENNING having been formerly of counsel in this case, did not preside.

ROCKWELL, represented by T. R. R. COBB, for the motion.

S. JONES, *contra.*

Faircloth and others *vs.* Jordan.

*By the Court.*—STARNES J., delivering the opinion.

[1.] This Court is always anxious to maintain a writ of error, if it can be lawfully done, and will never dismiss the same, except for reasons of substantial justice. Such reasons constrain us to dismiss this proceeding.

There are no parties before us. The writ of error runs in the names of William Neves and John C. Neves, complainants, and the citation also refers to the case, as between these persons and the defendants. But the record shows, that both William and John C. Neves are dead—that their estates are not represented; and that this case, though in their names, is brought here by others. They, however, are made, by the record, parties to the case, or there are no parties. They, of course, cannot be parties, and any judgment which we may render, therefore, must be fruitless. It can bind no one.

A Court of Justice should never interfere, to do a vain or a fruitless thing; and this writ of error must be dismissed.